23224

In the Matter of Lloyd E. WRIGHT, Horry County Magistrate.
(422 S.E. (2d) 746)

Supreme Court

*Attorney Gen. T. Travis Medlock* and *Asst. Atty. Gen. James G. Bogle, Jr.*, Columbia, *as Examiner.*

*Larry B. Hyman, Jr.*, Conway, *for respondent.*

Submitted Nov. 13, 1989.

Decided May 29, 1990.

*Per Curiam:*

Respondent, an Horry County Magistrate, is charged with judicial misconduct, in that while acting as an insurance agent in May of 1987, he participated in the fraudulent procurement of a life insurance policy. Specifically, the formal complaint filed with the Board of Commissioners on Judicial Standards alleged that the Respondent "with intent to defraud Monumental Life Insurance Company and Horace Brooks Miller, Jr., obtained that insurance policy from the company by means of false pretenses and representations, including but not limited to the acknowledgement of the Respondent that he witnessed the signing of the insurance application by Horace Brooks Miller, Jr., knowing such application or statement to be false and thereby causing the issuance of the life insurance policy." The Respondent was indicted by the Horry County Grand Jury for forgery and obtaining property by false pretenses. The Respondent was subsequently allowed to enter the pretrial intervention program, and in exchange for that action, the indictment was dismissed by the Solicitor's Office.

Prior to the convening of a panel of Hearing Masters, the Respondent submitted a Waiver and Consent offering therein to consent and agree to a finding by the Judicial Standards Commission of Judicial misconduct, upon condition that a recommendation be made of a public reprimand. The full Commission at its regular meeting accepted that proposal, made a finding of misconduct on behalf of the Respondent, and recommended to this Court the imposition of a public reprimand. No petition to reject or modify the recommendation of the Com-

mission was filed by the Respondent nor the Examiner.

The Respondent violated Canon 2(A) which provides that a Judge "should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity of the judiciary." In accordance with the foregoing, a judge's conduct both on and off the bench is subject to "constant public scrutiny." Here, the submission of the fraudulent insurance application occurred prior to the Respondent taking judicial office. However, the indictment and subsequent entry into the pretrial intervention program took place after the Respondent became a judge. This Court agrees with the Commission that it is of no consequence that the initial wrongful activity took place prior to assuming office. Canon 1 requires that a judge must "observe high standards of conduct so that the integrity . . . of the judiciary may be preserved." We agree with the full Commission that the Respondent is, therefore, guilty of misconduct under § 1(b)(2) of the Rule on Judicial Discipline and Standards, Supreme Court Rule 34. He stands publicly reprimanded.

Public reprimand.